UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOSE LEONARDO MORILLO
GONZALEZ,

               Petitioner,

v.

WARDEN, BLUEBONNET
DETENTION CENTER,

               Respondent.

No. 1:26-CV-00018-H

## ORDER

Petitioner's wife filed a petition for writ of habeas corpus on his behalf, but she did not pay the filing fee. Dkt. No. 1. The Court found that the case could not proceed as filed by Petitioner's wife and provided Petitioner with an opportunity to pursue habeas relief on his own behalf. Dkt. No. 6, 7. Now, as explained below, the Court finds that the petition must be dismissed because Petitioner has failed to cure the filing deficiencies.

On January 20, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file an amended petition on the proper form within 30 days if he wanted to pursue habeas relief. Dkt. No. 6. The Court warned Petitioner that failure to comply could result in the dismissal of this case. *Id.* Petitioner did not respond to or comply with the January 20 order.

Then the Court entered a deficiency show cause order, requiring Petitioner to either pay the filing fee, file the required certified account statement, or show cause why his petition should not be dismissed for want of prosecution within 14 days. Dkt. No. 7. Again, the Court warned Petitioner that his failure to comply would result in the dismissal

of this action. Petitioner did not respond to the Court's order and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiencies or otherwise shown any interest in pursuing his claims. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

The Court will enter judgment accordingly.

Dated March 31, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2